IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DORCUS WITHERS, and** <br> **HENRY BARROWS,** <br><br> Plaintiffs, <br><br> vs. <br><br> **S. GODINEZ, and** <br> **KIMBERLY BUTLER,** <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:15-cv-00425-MJR <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Withers and Barrows, both inmates at the Menard Correctional Center, have jointly filed an action pursuant to 28 U.S.C. § 1983 against Salvador Godinez, the Director of the Illinois Department of Corrections, and Kimberly Butler, the current warden at Menard. While district courts are obliged to accept joint complaints filed by multiple prisoners if the requirements of Federal Rule of Civil Procedure 20 are satisfied, there are a number of risks attendant to multi-plaintiff litigation. The Seventh Circuit has suggested that district courts make prisoners aware of these risks before their case progresses, so they can decide whether to opt out of the suit and bring the claim on their own or continue in the lawsuit in a joint capacity. The Court will lay out those risks here, and give either Plaintiff an opportunity to opt out of this joint lawsuit.

As the Seventh Circuit explained in *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), multi-plaintiff litigation comes with several pitfalls. First, a prisoner who signs a multi-plaintiff complaint cannot dodge paying filing fees – each prisoner that signs on as a plaintiff is required to pay the fee. *Id.* at 855. Second, multi-plaintiff litigation creates countervailing costs: each court filing must be served on every other plaintiff and the opposing party pursuant to Federal

Rule of Civil Procedure 5, so if there are two plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs, or other papers will be two times greater than if the prisoner filed on his own. Third, while a prisoner litigating on his own behalf only takes the risk that his claims may be deemed sanctionable or count toward the limit of three weak *forma pauperis* claims allowed by § 1915(g), a "prisoner litigating jointly under Rule 20 takes those risks for *all* claims in the complaint, whether or not they concern him personally." *Id.* at 854. In other words, if one plaintiff engages in conduct that would earn him sanctions or puts forth a weak claim that would earn him a strike, all plaintiffs can be sanctioned or earn a strike. *See id.* Finally, each plaintiff will be held responsible for knowing what is being filed in the case on his behalf by others.

To sum up, joint prisoner litigation under Rule 20 "increase[s] each plaintiff's risks [for strikes and sanctions] without a corresponding reduction in the filing fee," and many prisoners who are made aware of these facts "opt to litigate by themselves" rather than proceed with the case in a joint capacity. *Boriboune*, 391 F.3d at 856. Withers and Barrows should carefully consider these risks in deciding whether to proceed together or file individually.

One closing note concerning the joinder at issue in this case. Joinder of plaintiffs is proper only if it satisfies Federal Rule of Civil Procedure 20, which permits joinder of plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all plaintiffs will arise in the action." *See also Turley v. Gaetz*, 625 F.3d 1005, 1010 (Rule 20 "allows multiple plaintiffs to join claims arising out of the same series of occurrences and sharing a question of law or fact common to all plaintiffs"). The Court expresses no opinion at this time as to whether Plaintiffs can properly join together under

Rule 20 in this case; that question will be addressed once Barrows and Withers advise the Court whether they wish to proceed in a joint capacity at all, via the mechanism below.

### Disposition

**IT IS HEREBY ORDERED** that each Plaintiff shall have up to twenty-one days from the date of this order (up to and including May 27, 2015) in which to advise the Court whether he wishes the Court to consider him a plaintiff in this joint action.  If one of the Plaintiffs advises the Court that he does *not* wish to participate in this joint action, he will be dismissed from the lawsuit and will not be charged a filing fee.  Any Plaintiff who opts out from the joint lawsuit is free to bring a separate complaint on his own in this Court.  To that end, the **CLERK** is **DIRECTED** to send each Plaintiff a copy of a civil rights complaint form.

**IT IS FURTHER ORDERED** that any Plaintiff who does not respond to this order within twenty-one days will be considered a plaintiff in this action.  At that time, the Court will conduct a merits review of the complaint pursuant to 28 U.S.C. § 1915A.  Each Plaintiff still a party to this action shall be held accountable for all of the consequences explained above.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions to Proceed *in forma pauperis* (Doc. 2 & 3), Motion to Certify as a Class (Doc. 4), and Motion to Appoint Counsel (Doc. 5) are held in **ABEYANCE** pending expiration of the twenty-one day period stated above.

**IT IS FURTHER ORDERED** that screening of the complaint pursuant to 28 U.S.C. § 1915A is held in **ABEYANCE** pending expiration of the twenty-one day period stated above.

Plaintiffs are **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: May 6, 2015**

                                        **s/ MICHAEL J. REAGAN**
                                        **Chief Judge Michael J. Reagan**
                                        **United States District Judge**