IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORCUS WITHERS, and<br>HENRY BARROWS,<br><br>                Plaintiffs,<br><br>vs.<br><br>S. GODINEZ, and<br>KIMBERLY BUTLER,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 3:15-cv-00425-MJR<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiffs Dorcus Withers and Henry Barrows are currently incarcerated at the Menard Correctional Center in Menard, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Withers and Barrows have filed a civil rights action pursuant to 42 U.S.C. § 1983 against S. Godinez, the Director of the Illinois Department of Corrections, and Kimberly Butler, the Warden of Menard. (*Id.* at 1.) Plaintiffs claim that prison officials have provided them with a deficient grievance process, one which violates their due process and court access rights. (*Id.* at 5.) Both parties seek injunctive relief, and have also moved to certify the complaint as a class action. (Doc. 1 at 5; Doc. 4 at 1.)

This matter is now before the Court for a preliminary review of Plaintiffs' complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if

the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

Withers has been incarcerated at Menard since May 2013, and Barrows has been housed there since February 2014. (Doc. 1 at 2 & 4.) Since his arrival at Menard, Withers says that he has filed "many grievances" — including one filed in April 2014 concerning a staff assault and other undated ones related to Withers' mental health issues — that have ultimately come up missing or unanswered. (*Id.* at 4.) When Withers followed up, he was told that officials did not know "what happened to [his grievances]." (*Id.*) Withers claims that officials often fail to respond to his grievances, and that it is "not an uncommon practice for grievances that have [merit] to go missing." (*Id.*) He asserts that he has "tried to exhaust" his administrative remedies for his claims, but cannot get prison officials to address his grievances. (*Id.*)

Barrows makes similar allegations in his section of the narrative: he alleges that he has filed "numerous grievances" that have gone missing, even when he "has personally handed grievances to counselors." (*Id.* at 2.) One of these grievances related to a mid-2014 assault by a corrections officer, and four others related to Barrows' psychiatric needs. (*Id.*) Barrows claims that officials have "sabotage[d] the grievance procedure" for Illinois inmates in an effort to hide wrongdoing by prison employees. (*Id.*) Like Withers, Barrows claims that he has attempted to exhaust his remedies, but has been unable to finalize his grievances. (*Id.* at 2-3.)

Unsatisfied with the manner in which grievances are handled at Menard, Withers and Barrows filed a joint suit under 42 U.S.C. § 1983 on April 17, 2015. (*Id.* at 1.) On May 6, 2015, the Court issued a notice to both parties, advising them of the risks that come with multi-plaintiff litigation and giving them an opportunity to opt out of the joint case and proceed individually.

(Doc. 8.)  Preliminary review of the complaint under 28 U.S.C. § 1915A was held in abeyance pending a response from either party.  Neither Plaintiff has filed a request to proceed individually, so the Court will now conduct its review of the complaint pursuant to § 1915A.

## Discussion

Barrows and Withers list out three causes of action in their complaint.  The first is a "due process violation" — they claim that various defects in the prison grievance process violated their Fourteenth Amendment due process rights (**Count 1**).  This claim is a non-starter:  the Seventh Circuit has squarely rejected any free-standing due process right concerning a prison's internal grievance process.  *See*, *e.g*., *Courtney v. Devore*, 595 F. App'x 618, 620-21 (7th Cir. 2014) ("[S]tate grievance procedures do not create substantive liberty interests protected by due process."); *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . . ."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").  So **Count 1** must be dismissed with prejudice.

In their second claim, Barrows and Withers argue that prison officials have a practice of mishandling or protracting grievances, and in doing so interfere with an inmate's access to courts (**Count 2**).  While there is no substantive due process right created by a prison grievance procedure, there might be a viable claim concerning the consequences resulting from the prison's grievance process if that process blocked a prisoner's access to courts.  *See*, *e.g*., *Kervin v. Barnes*, — F.3d —, 2015 WL 3424909, at *2 (7th Cir. May 29, 2015) ("But the inadequacies of the grievance procedure itself, as distinct from the consequences, cannot from the basis for a constitutional claim."); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (noting

that the "procedural right" concerning the handling of grievances exists "to ensure that prisoners and detainees can access the courts"). The key word is "blocked" — to put forth a viable access to courts claim, a plaintiff must allege obstructive conduct, and must go on to claim that "as a result of the prison's [obstructive] action the plaintiff had lost a case or suffered some other legal setback." *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006). Here, Plaintiffs allege that their grievances were lost, but they do not say whether this conduct stopped them from filing a claim or how it precluded them from doing so. As such, **Count 2** must be dismissed without prejudice.

In their third claim, Plaintiffs assert a conspiracy on the part of prison officials (**Count 3**), stating that the "hindrance and sabotage of the grievance procedure is so prevalent within this system" that it "rises to the level of conspiracy." (Doc. 1 at 5.) This claim fails for two reasons. First, to bring a conspiracy claim, a plaintiff must allege that there was "an express or implied agreement among defendants" to deprive an inmate of his rights, and an "actual deprivation of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Here, Plaintiffs do not assert any agreement between the named defendants, let alone overt acts in furtherance of an agreement by the parties. Second, "the function of conspiracy doctrine" in § 1983 cases "is merely to yoke particular individuals to the specific torts alleged in the complaint." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). The torts in this case — namely due process and access to courts — have been dismissed, either with prejudice or without prejudice. Because the torts alleged in the complaint fail, the conspiracy claim fails with them. So **Count 3** must be dismissed without prejudice.[1]

---

[1] Because Plaintiffs have listed out the causes of action they intended to bring in their complaint, the Court does not read the complaint as bringing independent claims related to the subjects of Plaintiffs' grievances — namely the 2014 assaults and the issues related to Plaintiffs' psychiatric care. To the extent Plaintiffs intended to bring these claims in this case, they are dismissed without prejudice, as Plaintiffs have not included allegations regarding how the named

There is one closing item: Plaintiffs have moved for recruitment of counsel, citing repeat prison transfers and the complexity of this case as reasons for appointing a lawyer for them. (Doc. 5.) While there is no constitutional or statutory right to appointment of counsel in federal civil cases, district courts do have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request for counsel, the Court must first consider whether the "indigent plaintiff made a reasonable attempt to obtain counsel" or was "effectively precluded from doing so," and if so, whether the plaintiff is "competent to litigate the case" himself in light of the case's difficulty. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Here, Plaintiffs have not made any showing that they have attempted to obtain counsel or were precluded from recruiting counsel, so the motion for recruitment of counsel must be denied without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiffs' complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should Plaintiffs wish to proceed with this case, Plaintiffs shall file their First Amended Complaint within 35 days of the entry of this order (on or before July 13, 2015). They should label the form First Amended Complaint, and should use the case number for this action. The amended complaint shall identify the individual Defendant or Defendants responsible for the alleged unconstitutional actions and explain how those individuals were involved in the alleged unconstitutional actions. The amended complaint should also allege how the named Defendants' grievance-related conduct stopped Plaintiffs from

---

defendants were personally involved in that conduct. *See Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation.").

filing their grievance-related claims in court. In drafting any amended complaint, Plaintiffs should follow the instructions on the Court's civil rights complaint form, which directs plaintiffs to state "when, where, how, and by whom" their rights were violated.

An amended complaint supersedes and replaces all previous complaints, rendering previous complaints void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiffs must also re-file any exhibits they wish the Court to consider along with the amended complaint. Failure to file a First Amended Complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiffs' three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiffs in preparing their amended complaint, the **CLERK** is **DIRECTED** to mail both Plaintiffs a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to certify as a class (Doc. 4) is held in **ABEYANCE** pending receipt of a First Amended Complaint.

**IT IS FURTHER ORDERED** that, for the reasons stated above, Plaintiffs' motion to appoint counsel (Doc. 5) is hereby **DENIED** without prejudice.

Plaintiffs are further **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 8, 2015**

<u>**s/ MICHAEL J. REAGAN**</u>
**Chief Judge Michael J. Reagan**
**United States District Judge**
