IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORCUS WITHERS, and<br>HENRY BARROWS,<br><br>                    Plaintiffs,<br><br>vs.<br><br>S. GODINEZ, and<br>KIMBERLY BUTLER,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 3:15-cv-00425-MJR<br>)<br>)<br>)<br>)<br>)  |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

On April 17, 2015, Plaintiffs filed a joint complaint against Salvador Godinez and Warden Kimberly Butler, alleging that their civil rights had been violated when prison officials did not provide them with an adequate grievance process. (Doc. 1.) On June 8, 2015, the Court dismissed all three of Plaintiffs' claims: their freestanding grievance due process claim was not cognizable and was dismissed with prejudice; their access to courts claim did not indicate that a failure to respond to grievances deprived Plaintiffs of use of the courts and was dismissed without prejudice; and their conspiracy claim did not include allegations indicating any express or implied agreement among Godinez and Butler to deprive Plaintiffs of their rights and was dismissed without prejudice. (Doc. 9.) The Court gave Plaintiffs thirty-five days (until July 13, 2015) to file an amended complaint concerning their access to courts and conspiracy claims. (*Id.*) Plaintiffs were warned that a failure to file an amended complaint within that time period "shall result in the dismissal of this action with prejudice." (*Id.* at 6.)

Thirty-five days has now come and gone, and Plaintiffs have not filed an amended complaint. Accordingly, this case is **DISMISSED with prejudice** for failure to comply with an

1

order of this Court.  FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).  This dismissal shall count as one of Plaintiffs' three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).  Plaintiffs' pending motions to proceed as paupers (Docs. 2 & 3) shall be addressed in a separate order.  Plaintiffs' pending motion to certify this case as a class (Doc. 4) is **DENIED** as **MOOT**.

If either Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. CIV. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. CIV. P. 24(a)(1)(C).  If either Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. CIV. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  Moreover, if the appeal is found to be non-meritorious, the Plaintiff may incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. CIV. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this deadline cannot be extended.  *Robinson v. Sweeny*, — F.3d —, 2015 WL 4477987, at *1-2 (7th Cir. July 23, 2015).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 31, 2015**

s/ MICHAEL J. REAGAN
**Chief Judge Michael J. Reagan**
**United States District Court**
